**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTONIA W. SHIELDS,

                       Plaintiff,

    v.

UNITED STATES OF AMERICA,

                       Defendant.

No. 1:20-CV-152
(GTS/CFH)

---

**APPEARANCES:**

Antonia W. Shields
P.O. Box 195
Saratoga Springs, New York 12866
Plaintiff pro se

## REPORT-RECOMMENDATION AND ORDER

### I. In Forma Pauperis

Plaintiff pro se Antonia W. Shields commenced this action on February 13, 2020, by filing a complaint. See Dkt. No. 1 ("Compl.").[1] Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and has determined that plaintiff financially qualifies to proceed IFP.[2]

### II. Initial Review

---

[1] The Court has dismissed plaintiff's two previous lawsuits. See Shields v. Klein, No. 1:18-CV-835 (MAD/CFH) (dismissing with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim); Shields v. New York State, No. 1:14-CV-00624 (DNH/TWD) (dismissing plaintiff's complaint for failure to comply with Court Order).

[2] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs she may incur in this action, including but not limited to copying fees, transcript fees, and witness fees.

1

## A. Legal Standard

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted).  However, this does not mean the Court is required to accept unsupported allegations that are devoid of sufficient facts or claims.  Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Pleading guidelines are set forth in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D.

3

352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).  However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).  In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint.  See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).  A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

## B. Plaintiff's Complaint

The complaint states that Northern District of New York Local Rule ("N.D.N.Y.L.R.") 5.4 violates the "Equal Rights clause of United States law 28 U.S.C. § 453" "by arbitrarily requiring standard of review [sic] 28 U.S.C. § 1915" of plaintiff, a "free citizen" "determined poor, unlike requiring standard of review separate from 28 U.S.C. § 1915 for if [plaintiff] were rich."  Compl. at 5.  Generously construing the complaint, plaintiff argues that, by reviewing her IFP application in her prior lawsuit pursuant to N.D.N.Y.L.R. 5.4 and 28 U.S.C. § 1915, the Court inappropriately labeled her a "prisoner." Id.  Plaintiff requests as relief (1) "a good change in [N.D.N.Y.L.R.] 5.4,

corrected by 28 U.S.C. § 2072 to not violate the U.S. Constitution's preamble," and (2) "$10,000 for harm done." Id. at 6.

### C. Analysis[3]

### 1. Sovereign Immunity

"Under the Constitution, the United States Government possesses absolute immunity from suit in its courts without its consent 'and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Smith v. Brown, 296 F. Supp. 3d 648, 660 (S.D.N.Y. 2017) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)) (further citations omitted). "The doctrine of sovereign immunity is jurisdictional in nature," Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000), and "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). Here, plaintiff names the United States as the sole defendant in this action and does not argue or present any facts from which the undersigned could plausibly infer that her claims fall within an applicable waiver. See Compl. at 1. Thus, plaintiff's claims are barred by the doctrine of sovereign immunity and the Court lacks subject matter jurisdiction over this matter. See Makarova, 201 F.3d at 113; Meyer, 510 U.S. at 475.

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

5

**2. Review of Merits of Claims**

Plaintiff's argument that N.D.N.Y.L.R. 5.4 is violative of her constitutional rights because, by requiring the Court to review her IFP motion relating to her prior lawsuit pursuant to the standard set forth in 28 U.S.C. § 1915, she was inappropriately labeled a prisoner, is meritless. See Compl. at 5.  N.D.N.Y.L.R. 5.2(a) expressly states that Title 28 U.S.C. § 1915 and N.D.N.Y.L.R. 5.4 "govern *in forma pauperis* proceedings." Although N.D.N.Y.L.R. 5.4—which is effectively a restatement of 28 U.S.C. § 1915— discusses IFP motions in reference to "prisoner litigants" in the context of the Prison Litigation Reform Act ("PLRA"), it is well-established that Section 1915 applies to inmates and non-inmates equally.  N.D.N.Y. L.R. 5.4(a).  "While the text of 28 U.S.C. § 1915(a)(1) appears to only provide for the [IFP] status of prisoner litigators, it is well-established that [Section] 1915(a)(1) affords all natural persons with the opportunity to apply for permission to proceed without prepayment of fees." Egnatski v. Mortilla, No. 06-CV-1405 (JS/ARL), 2006 WL 8452994, at *2 n.2 (E.D.N.Y. July 21, 2006); see Leonard v. Lacy, 88 F.3d 181, 183 (2d Cir. 1996) (listing the PLRA's revisions to 28 U.S.C. § 1915 and recognizing that the use of "prisoner" in Section 1915(a)(1) was error by inserting "[sic]" in the quotation from the PLRA); Powell v. Hoover, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that "a fair reading of [Section 1915 in its entirety] is that it is not limited to prisoner suits").

Moreover, insofar as the complaint may be read as asserting a similar, but distinct claim, that N.D.N.Y.L.R. 5.4 and Section 1915 force the Judges of the Northern District of New York to violate their oath contained in 28 U.S.C. § 453 to "do equal right to the poor and to the rich" by requiring them to apply different standards to the rich and

poor, plaintiff's claim lacks merit. See Compl. at 2. It is well-settled that the purpose of Section 1915 is to ensure that indigent persons are not prevented from accessing the courts due to their inability to pay filing fees. See, e.g., Hobbs v. County of Westchester, No. 00-CV-8170(JSM), 2002 WL 868269, at *1 (S.D.N.Y. May 3, 2002) ("The purpose of the statute permitting litigants to proceed [IFP] is to insure that indigent persons have equal access to the judicial system."). The Court reviews IFP motions "to weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth" and "[t]o discourage abuse of [the] privilege" of proceeding IFP—not to discriminate against those seeking to properly avail themselves of IFP status. Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citations omitted).

To the extent plaintiff argues that N.D.N.Y.L.R. 5.4 and Section 1915 require the Court to discriminate against indigent litigants by subjecting their complaints to a review of the sufficiency of the complaint, which could result in dismissal of their action, but not complaints of those who pay the filing fee, her argument lacks merit. See Compl. at 5. Although the district court may dismiss meritless claims of a litigant seeking to proceed IFP, it is equally true that the district court may *sua sponte* dismiss meritless claims of a litigant who has paid the filing fee. See Mauro v. Hireright, No. 5:19-CV-1343 (GLS/ATB), 2019 WL 5788561, at *2 (N.D.N.Y. Nov. 6, 2019) ("Although [the] plaintiff has paid the filing fee, the district court has 'the inherent authority to sua sponte dismiss a fee-paid action as frivolous.'") (quoting Mendez Da Casta v. Marcucilli, 792 F. App'x

865, 867 (2d Cir. 2019)).  Consequently, even assuming that the Court could exercise jurisdiction over this matter, which it cannot, plaintiff's complaint fails to state a claim.

### 3. Leave to Amend

When addressing a pro se complaint, a district court generally "should not [be] dismiss[ed] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks and citation omitted).  However, the court is not required to grant leave to amend when doing so would be futile.  See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000).  Here, because "[t]he problem[s] with [plaintiff's] causes of action [are] substantive[,] better pleading will not cure [them,]" and any attempt to amend would, therefore, be futile.  Id.  Accordingly, it is recommended that plaintiff's complaint be dismissed in its entirety with prejudice and without opportunity to amend.

### III. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed in forma pauperis (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE AND WITHOUT OPPORTUNITY TO AMEND**; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).[4]

Dated: April 30, 2020
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[4] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(C).

9