UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTONIA W. SHIELDS,

                              Plaintiff,

                                                            1:20-CV-0152
v.                                                            (GTS/CFH)

UNITED STATES,

                              Defendant.
_____

APPEARANCES:

ANTONIA W. SHIELDS
   Plaintiff, *Pro Se*
P.O. Box 195
Saratoga Springs, New York 12866

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Antonia W. Shields ("Plaintiff") against the United States ("Defendant"), are United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's Complaint be dismissed with prejudice and without prior leave to amend pursuant to 28 U.S.C. § 1915, and Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 5, 6.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

**I.    RELEVANT BACKGROUND**

    **A.    Magistrate Judge Hummel's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Hummel rendered the following three findings of fact and conclusions of law: (1) Plaintiff's claims against the United States should be dismissed because they are barred by the doctrine of sovereign immunity, depriving the Court of subject-matter jurisdiction over them; (2) even if the Court were to review the merits of Plaintiff's claims, the Court would find that those claims are without merit, because 28 U.S.C. § 1915 and N.D.N.Y. Local Rule 5.4 (a) apply equally to both inmates and non-inmates, and (b) ensure that indigent persons have access to the courts (without subjecting their pleadings to a standard of review that is different from the standard governing pleadings by claimants who have paid the statutory filing fee); and (3) because the defects in Plaintiff's claims are substantive and not merely formal, they should be dismissed in their entirety with prejudice and without a prior opportunity to amend.   (Dkt. No. 5, at Part II.C.)

### B.     Plaintiff's Objection to the Report-Recommendation

Generally, in her Objections, Plaintiff asserts the following two challenges to the Report-Recommendation: (1) Plaintiff did not consent to review of her claims by a U.S. Magistrate Judge; and (2) because Plaintiff is a free citizen and not a prisoner, the standard of review under 28 U.S.C. § 1915 conflicts with 28 U.S.C. § 453 which provides for "equal justice to all citizens, rich or poor" (and therefore, judgment cannot be entered against her as a plaintiff proceeding *in forma pauperis*).   (Dkt. No. 6.)

## II.    STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)©).   To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1©).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were

---

[1]   *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

## III.  ANALYSIS

For the sake of brevity, the Court will assume that the second challenge asserted in Plaintiff's Objections is not merely a repetition of a claim asserted in her Complaint (which has already been considered and rejected by Magistrate Judge Hummel). (*Compare* Dkt. No. 6 *with* Dkt. No. 1.) Even assuming that fact, after carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error whatsoever in those portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear-error in those portions of the Report-Recommendation to which Plaintiff has not specifically objected: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Plaintiff's Complaint is dismissed with prejudice and without prior leave to amend for the reasons set forth in the Report-Recommendation. To those reasons, the Court would add only that, in this District, Magistrate Judges are permitted to issue Report-Recommendations regarding the pleading sufficiency of claims by litigants proceeding *pro se* (and litigants proceeding *in forma pauperis*) pursuant to, among other things, 28 U.S.C. 636(b)(1)(B), which

---

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

does not require the consent of the parties.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** and **without prior leave to amend** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: September 11, 2020
Syracuse, New York

Glenn T. Suddaby
Chief U.S. District Judge